IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>TRI-STATE FINANCIAL, LLC,<br><br>Debtor.<br><br>GEORGE ALLISON, et al,<br><br>Appellants. | 8:15-CV-33<br><br>BANKRUPTCY NO. BK08-83016<br>ADV. PROC. NO. 10-8052<br><br>ORDER |
| IN THE MATTER OF:<br><br>TRI-STATE FINANCIAL, LLC,<br><br>Debtor.<br><br>RADIO ENGINEERING INDUSTRIES, INC.,<br><br>Appellant. | 8:15-CV-38<br><br>BANKRUPTCY NO. BK08-83016<br>ADV. PROC. NO. 10-8052<br><br>ORDER |
| IN THE MATTER OF:<br><br>TRI-STATE FINANCIAL, LLC,<br><br>Debtor.<br><br>JOHN HOICH and DENISE HOICH,<br><br>Appellants. | 8:15-CV-39<br><br>BANKRUPTCY NO. BK08-83016<br>ADV. PROC. NO. 10-8052<br><br>ORDER |

These appeals are before the Court pursuant to the election of George Allison, et al., to have their bankruptcy appeal heard by the United States District Court. *See,* 28 U.S.C. § 158(c)(1); 8th Cir. B.A.P. L.R. 8005A (effective Dec 1, 2014). This Court's local rules provide that the Federal Rules of Bankruptcy Procedure respecting the filing of briefs do not apply where an election has been made to have the appeal heard by the district court; instead, briefs must comply with the Court's orders. *See* NEGenR 1.5(c).

It is the Court's intent, on its own authority, to generally follow the procedures set forth in Fed. R. Bankr. P. 8001 *et seq.* In the absence of express direction to the contrary, the parties shall abide by those Rules: in particular, the parties are to designate the record on appeal pursuant to Fed. R. Bankr. P. 8009 and, after the docketing of notice that the record has been transmitted or is available electronically, shall file briefs within the deadlines established by Fed. R. Bankr. P. 8018 meeting the requirements of that rule, Fed. R. Bankr. P. 8014, and Fed. R. Bankr. P. 8015.[1]

The Court will also consolidate these three appeals for briefing, argument (if any), and disposition.[2] *See* Fed. R. Bankr. P. 8003(b)(2). The parties are further encouraged to confer and agree on any changes that might be desirable with respect to the briefing schedule, or the alignment of the parties, and submit those to the Court for approval. In other words, the progression set forth in this order is far from set in stone; it is simply intended to clarify any uncertainty that may have arisen from NEGenR 1.5(c)'s ambiguity, or from the detour through St. Louis that two of these appeals took on the way to district court.

IT IS ORDERED:

1. Case Nos. 8:15-cv-33; 8:15-cv-38, and 8:15-cv-39 are hereby consolidated for briefing.

2. Case No. 8:15-cv-33 shall be designated as the "Lead Case." Case Nos. 8:15-cv-38 and 8:15-cv-39 are hereby designated as the "Member Cases."

3. The Court's CM/ECF System now has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file in the Lead Case, No. 8:15-cv-33, all further documents and to select the option "yes" in

---

[1] Or Fed. R. Bankr. P. 8016, if a cross-appeal is filed.

[2] The Court notes that there is some confusion in the filings before it: the Court's records (as transmitted from the B.A.P.) contain 4 copies of REI's notice of appeal, and seem to be missing the Hoichs'. The error, as best the Court can tell, seems to have cropped up someplace between the bankruptcy court and the B.A.P. The Court has, however, reviewed the appropriate filings on the bankruptcy court's docket, and sees no cause for concern. The caption above reflects the appropriate relationships between the appellants and their respective docket numbers.

      response to the System's question whether to spread the text. (The parties may not, however, use the spread text feature to pay filing fees electronically.)

4. If a party believes that an item should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more individual member cases. The motion must be filed in all the consolidated cases using the spread text feature.

5. The parties shall designate the record on appeal pursuant to Fed. R. Bankr. P. 8009 and shall file briefs pursuant to Fed. R. Bankr. P. 8014 *et seq.*

Dated this 30th day of January, 2015.

                BY THE COURT:

                *John M. Gerrard*
                John M. Gerrard
                United States District Judge